IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GORDON R. TURPIN, )
)
    Plaintiff, )
)
v. ) No. 3:09-cv-147
)
CABLE TEL SERVICES, INC., )
)
    Defendant. )

## MEMORANDUM AND ORDER

This civil action, removed to this court from the Morgan County, Tennessee, Circuit Court, is before the court on the defendant's motion for summary judgment or for partial summary judgment [doc. 10]. The plaintiff has responded [doc. 12], and the defendant has filed a reply brief [doc. 14]. The court finds that oral argument on the motion is not necessary, and the motion is ripe for the court's consideration. For the reasons discussed below, the defendant's motion for summary judgment or for partial summary judgment will be denied.

## Factual Background

The plaintiff began working for defendant Cable Tel Services ("Cable Tel") in July 2004. Cable Tel is a communications construction company. The

plaintiff began work as a lineman, but was promoted to a splicer, a position he held until his termination in November 2006.

On January 11, 2006, the plaintiff suffered a work-related injury to his neck, which ultimately required surgery. The plaintiff's physician released him to return to work as of September 7, 2006. He actually returned to work on September 12, 2006, but suffered pain in his neck after two days. His physician restricted his work activities (no climbing poles or trees to string cable), and the plaintiff worked two more weeks under this restriction. The plaintiff was working in North Carolina when he received word that his wife was in the hospital with a medical emergency. The plaintiff told his site supervisor, Steve Long, that he needed to return to Knoxville to take care of his wife and family, and Long told him, "No problem. You go right ahead."

The plaintiff never returned to work. The plaintiff's phone records show that he called Cable Tel three times (Oct. 19, Oct. 23, and Nov. 13) after he left work to take care of his wife and family. On November 28 or 29, 2006, the plaintiff's employment with Cable Tel was terminated. Within a few weeks the plaintiff found work with Fox Auto Salvage, but at a much reduced salary.

The following pertinent factual information was inexplicably omitted from the defendant's motion and memorandum, but is found in the plaintiff's response. On November 21, 2006, a Workers' Compensation Benefit Review Conference was held to resolve the plaintiff's workers' compensation claim. The

plaintiff and his attorney were present, as were representatives of the insurance carrier. A representative of Cable Tel, Karen Dell, was available by telephone. During the conference, Dell was called and asked if the plaintiff was "still currently employed." She confirmed that he was. The plaintiff settled his workers' compensation claim based on the information that he still had a job with Cable Tel.

November 21, 2006, was the Tuesday before Thanksgiving. The plaintiff's phone records show that he called someone connected with Cable Tel on Thursday, Thanksgiving day, supposedly to inquire about returning to work. Then, late in the afternoon of Monday, November 27 the plaintiff tried to call the Memphis office. He was told to call Scott McMahan, a manager for Cable Tel. Later that evening, he left two messages for McMahan. On Tuesday, November 28 about noon, the plaintiff called the Memphis office and again was told that he needed to talk to McMahan. The plaintiff left another message for McMahan. McMahan finally returned the plaintiff's call about noon on November 29, 2006, and told the plaintiff that his employment was terminated because he had not called in and had not come to work. McMahan said, "No call no show for three days is self-termination." The operations manager for Cable Tel, LaDeana Quesnel, testified in her deposition that the period of time that the plaintiff did not call or come in to work was from November 21 to November 28, 2006.

3

Again, the following pertinent factual information was omitted from the defendant's motion and memorandum and the plaintiff's response, but is found in the plaintiff's deposition and the defendant's reply brief. After the plaintiff's termination, the Workers' Compensation Benefit Review Conference was reopened at the request of the plaintiff. The plaintiff was awarded an additional $80,000 on his workers' compensation claim because he no longer worked for Cable Tel.

In his complaint filed in state court, the plaintiff claims that he suffered a retaliatory discharge in violation of section 50-6-114 of the Tennessee Code Annotated and that his claim for workers' compensation benefits was a substantial factor in the decision to terminate his employment. The plaintiff seeks compensatory and punitive damages.

## Legal Discussion

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment should be granted, "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." As the Supreme Court stated in *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986), this "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

4

essential to that party's case, and on which that party will bear the burden of proof at trial." Thus, the moving party's burden may be discharged by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. In order for a non-moving party to defeat a motion for summary judgment, the non-moving party must come forward with persuasive evidence to support his or her claim or demonstrate that there is a genuine material factual dispute; that is, the non-moving party must produce evidence on which the jury could reasonably find for the non-moving party. *Id.* at 324.

In its motion for summary judgment, Cable Tel argues that the plaintiff's employment was legitimately terminated because he was absent from work for over two months for reasons unrelated to his worker's compensation claim. Specifically, the defendant contends that the plaintiff cannot show a sufficient causal relationship between his workers' compensation claim and his termination, a necessary element of a retaliatory discharge claim.

While an at-will employee like the plaintiff may be discharged at any time with or without good cause, the employee will have a cause of action for retaliatory discharge if he was discharged for filing a worker's compensation claim. *See Clanton v. Cain-Sloan Co., Inc.*, 677 S.W.2d 441, 443-45 (Tenn. 1984). In Tennessee, in order to make out a claim for retaliatory discharge, the plaintiff must prove the following elements: "(1) The plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the

5

defendant for worker's compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment." *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558 (Tenn. 1993).

The plaintiff can easily establish the first three elements of his claim. However, the court finds that there are issues of material fact for a jury as to whether the plaintiff's worker's compensation claim was a substantial factor in Cable Tel's decision to terminate the plaintiff's employment. The plaintiff has the burden of making this showing and may do so by direct or "compelling circumstantial evidence." *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 391 (Tenn. Ct. App. 2006). Such evidence may be the employer's knowledge of the compensation claim, an expression of a negative attitude toward the plaintiff's injury, the employer's failure to adhere to an established policy, discriminatory treatment compared to other similarly situated workers, sudden and marked changes in an employee's performance ratings, or evidence that the stated reason for discharge may be false. *Id.* Further, "close temporal proximity" of a claim and termination may be sufficient to establish a prima facie case of discrimination. *Allen v. McPhee*, 240 S.W.3d 803, 823 (Tenn. 2007).

In this case, the plaintiff has presented sufficient evidence to establish a jury question as to the causal connection between his workers'

6

defendant for worker's compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment." *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558 (Tenn. 1993).

The plaintiff can easily establish the first three elements of his claim. However, the court finds that there are issues of material fact for a jury as to whether the plaintiff's worker's compensation claim was a substantial factor in Cable Tel's decision to terminate the plaintiff's employment. The plaintiff has the burden of making this showing and may do so by direct or "compelling circumstantial evidence." *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 391 (Tenn. Ct. App. 2006). Such evidence may be the employer's knowledge of the compensation claim, an expression of a negative attitude toward the plaintiff's injury, the employer's failure to adhere to an established policy, discriminatory treatment compared to other similarly situated workers, sudden and marked changes in an employee's performance ratings, or evidence that the stated reason for discharge may be false. *Id.* Further, "close temporal proximity" of a claim and termination may be sufficient to establish a prima facie case of discrimination. *Allen v. McPhee*, 240 S.W.3d 803, 823 (Tenn. 2007).

In this case, the plaintiff has presented sufficient evidence to establish a jury question as to the causal connection between his workers'

6

compensation claim and the termination of his employment.  His employer certainly knew of his workers' compensation claim, although there is no evidence that anyone ever expressed a negative attitude about the plaintiff having such a claim.  The plaintiff has also established that Cable Tel did not follow its own policies, specifically the "no call no show for three days is self-termination" policy.  The facts show that Cable Tel did nothing for the two months that the plaintiff was off work tending to family matters, even though the records show that the plaintiff only called in three times.  It was only after obtaining a favorable settlement of the plaintiff's workers' compensation claim by assuring the plaintiff that he still had a job, that it invoked the policy and determined that the plaintiff had "self-terminated" his employment.[1]  Finally, the termination occurred only a few days after he settled his worker's compensation claim.

      The court finds that it is a jury question whether the plaintiff's workers' compensation claim was a substantial factor in Cable Tel's decision to terminate the plaintiff's employment, and whether Cable Tel's stated reason, the "no call no show for three days is self termination," was pretext for retaliation.

      In the alternative, Cable Tel argues that it is entitled to partial summary judgment on the issue of whether the plaintiff failed to mitigate his damages.  Cable Tel claims that the plaintiff found work at a much reduced

---

[1] The court notes that the plaintiff called in within the three days required by the policy.  The Benefit Review Conference was held on Tuesday, November 21 and the plaintiff's records show that he called in on November 27, the Monday after Thanksgiving, the third working day after the Conference.

7

salary even though he remains able to do the kind of work he did for Cable Tel. The plaintiff argues that he immediately found another job, albeit for a reduced salary, and has sufficiently mitigated his damages.

In Tennessee, a wrongfully discharged plaintiff has a duty to minimize the loss of wages. *Frye v. Memphis State Univ.*, 806 S.W.2d 170, 173 (Tenn. 1991). The plaintiff is "required to exercise reasonable diligence in seeking other employment of a similar or comparable nature." *Id.* "The burden is on the employer to establish that the employee failed to exercise reasonable diligence in mitigating damages." *Id.* "[T]he employer must prove both the availability of suitable and comparable substitute employment and a lack of reasonable diligence on the part of the employee." *Id.* Whether the plaintiff has unreasonably failed to mitigate his damages is a question of fact for the jury. *Cf. Life Care Ctrs. of Am. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996) (stating this rule in connection with an agent's responsibility to accept a renewed offer of employment).

In this case there is no question that the plaintiff immediately sought new employment but at a reduced salary. The court finds that whether the plaintiff exercised reasonable diligence in finding his new job is a question of fact for the jury.

8

## Conclusion

For the reasons stated above, the court finds that there are genuine issues of material fact on the plaintiff's retaliatory discharge claim and the defendant's contention that the plaintiff failed to mitigate his damages. Therefore, the defendant's motion for summary judgment and for partial summary judgment will be denied. An order reflecting this opinion will be entered.

ENTER:

  *s/ Leon Jordan*
United States District Judge

9

Case 3:09-cv-00147-RLJ-CCS   Document 21   Filed 02/22/10   Page 9 of 9   PageID #: 339